(No. 34146.—

FRANCES PTASZEK *et al.,* Appellees, *vs.* JOSEPH KONCZAL *et al.,* Appellants.

*Opinion filed January 24, 1957.*

POSANSKI, JOHANNSEN, KROHN & JACOBS, of Chicago, (ROMAN E. POSANSKI, of counsel,) for appellants.

WILLIAM S. KLEINMAN, of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The issue on this appeal is whether the decree below conforms to the opinion and mandate of this court in *Ptaszek v. Konczal,* 7 Ill.2d 145.

In that case the plaintiffs asked the circuit court of Cook County (1) to set aside a deed from Maryanna Konczal to her son, Joseph, and his wife, Bernice, on the ground of mental incapacity and undue influence, (2) to order said grantees to account for rents and profits received by them while holding title under said void deed, (3) to partition the real estate, as intestate property, among Maryanna's heirs, and (4) to enjoin the probate of a will by which Maryanna purported to leave all her property to

Joseph. The trial court granted all the relief requested, except that it refused to enjoin probate of the will.

On appeal, this court agreed that it was not proper to enjoin probate of the will, and we also affirmed that part of the decree which set aside the deed on the ground of mental incapacity. However, we reversed on the other issues. As appears more fully in the opinion, we noted that the result of setting aside the deed was to leave the property subject to a trust under which Joseph was trustee, and his duty to account as trustee was not at issue in the instant case. The cause was remanded with directions to enter a decree in conformity with the opinion.

Upon remandment, however, the trial court did not follow our opinion and mandate, as was its duty. (3 I.L.P., Appeal and Error, secs. 990, 1000.) For, in addition to setting aside the deed and finding that the property was held subject to the trust, the court went on to construe the trust agreement, ordered the trustee and his wife to account, found that no encumbrances existed against the property, and reserved jurisdiction to supervise the accounting and direct distribution of the proceeds.

We again direct the trial court to enter a decree in accord with the views expressed in our opinion. In brief, its decree must contain: a finding that Maryanna Konczal lacked sufficient mental capacity to execute the deed; a finding that because of such mental incapacity her written direction to the trustee to convey the property, executed at the same time, was void, thereby leaving the property subject to the trust; an order setting aside the deed; an order denying accounting and partition as prayed in the complaint; and an order refusing to enjoin probate of the will.

*Reversed and remanded, with directions.*