PETER G. GEORGES, INC., Plaintiff-Appellant, *v.* FELDON BUILDING CORPORATION, Defendant-Appellee.—(FELDON BUILDING CORPORATION, Plaintiff and Counterdefendant-Appellee, *v.* PETER G. GEORGES, INC., Defendant and Counterplaintiff-Appellant.)

First District (4th Division) No. 77-1145

Opinion filed June 1, 1978.

William T. Halvorsen, of Chicago, for appellant.

Harry Shriman and Chris W. Katsenes, both of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The appellant has appealed from certain orders of the trial court

transferring the case from chancery to law and denying a motion to file an amended complaint without prejudice. We find we have no jurisdiction and dismiss.

In 1962 the appellant, Peter G. Georges, Inc. (Georges), entered into a written contract to sell the Emerald Hotel to the appellee, Feldon Building Corporation (Feldon). Since that date Feldon has been in complete possession and operation of the property, collecting all profits, rents and other income as long as there were any. The contract provided that Feldon was entitled to a deed when the principal was reduced to $25,000. Apparently, for various reasons, no deed was ever delivered. The property has been allowed to deteriorate, and allegedly Feldon failed to make the required payments for property taxes and insurance. Finally, in 1977 a decree of demolition was entered after the city of Chicago filed suit.

On October 17, 1971, Feldon filed a complaint at law asking the court to determine the rights of the parties on the contract, to determine the principal balance due on the contract, to decree that a declaration of forfeiture recorded by Georges was void, and to order Georges to convey the property to Feldon. Feldon in the complaint asked that the issues be tried to a jury. Georges in its answer denied all of Feldon's allegations and asked that the court declare the contract and the payments made to be forfeited and order Feldon to surrender the property to Georges. As a counterclaim, Georges sued for certain sums allegedly due and unpaid.

In 1974, after Georges moved to strike the jury trial, Feldon asked the court for additional time in which to file a jury demand. The trial court at that time did not determine whether Feldon's initial demand for a jury trial in the complaint itself was sufficient, but simply granted Feldon's request and a new demand for a jury trial was made. It appears that despite Feldon's request for jury trial set out in the body of the complaint, the pleadings were not stamped jury demand. Also in 1974, Georges moved to have the action transferred to chancery because of the nature of the case and the nature of the relief sought. This motion was denied and the case was continued to December 9, 1974, and later to February 5, 1975, on Feldon's motion. However, on December 19, 1974, and again on February 6, 1975, the case was dismissed for want of prosecution. From various pleadings and motions, it appears that what happened is that while Feldon did move for a continuance, it failed to prepare a proper order for the court in that the order failed to state that the cause be taken off the set trial call of December 19, 1974, and placed on the February 5, 1975, call. On April 3, 1975, Judge Butler vacated the December 19, 1974, order dismissing the case.

In the meantime, on February 10, 1975, Georges filed a complaint in chancery on the same cause asking for an accounting for the payments

which Feldon failed to make,[1] for a declaration of forfeiture and immediate restitution of the premises, and for repair of the premises, restoring them to the condition they were in when Feldon entered upon the premises. When Judge Butler reinstated the law action on April 3, 1975, he ordered it consolidated with and subordinated to the chancery action. On June 16, 1976, the case was ordered set for trial. Instead, however, on May 25, 1977, it was ordered transferred to the law division. No reason was given for the order, but Feldon states in its brief that the transfer was made because it had demanded a jury trial in the original action filed at law.

Once the consolidated action was transferred back to law Georges attempted to file an amended counterclaim to the original law action praying for an accounting, compensatory damages and punitive damages and seeking to join the three officers and stockholders of the corporation as defendants. On the same day Feldon moved to have the case advanced for trial. On June 17, 1977, Georges' motion was denied without prejudice and the case was ordered calendared above the black line as of July 7, 1977.[2] The trial judge in hearing arguments on Georges' motion indicated that he would not allow the motion because the matters were chancery matters and he would not superimpose his jurisdiction over that of Judge O'Brien, the chancery judge who had transferred the case back, and that if there were any chancery matters they could be taken up with that judge; that while he thought they should be disposed of, they should be disposed of in chancery as he was not going to act as an appellate court for Judge O'Brien. The law issues would be set for trial.

Because of this ruling, Georges went back to chancery as the judge had suggested and asked that Judge O'Brien's order transferring the action to the law division be vacated; that chancery resume jurisdiction of the case and that it be allowed to file an amended complaint. On July 6, 1977, the motion was denied. The judge, in denying the motion, entered an order pursuant to Supreme Court Rule 304(a) that there was no reason to delay an appeal.

An appeal was taken from both orders to the Illinois Supreme Court and by way of an amended notice of appeal, filed more than 30 days after the entry of the law division's order, to this court as well. The Supreme Court dismissed the appeal, ruling that the order did not fall within the purview of Supreme Court Rules 307 and 308.

## I.

■■ ■ It may well be true that the trial court erred in denying the

[1] It is not clear why an accounting should be needed since the payments appear to relate merely to such simple items as payments of principal and interest, payments for insurance and repairs, and a deposit for taxes.

[2] Cases calendared above the black line were subject to immediate trial.

appellant's motions to amend the complaints. Motions to amend complaints are favored in the law, especially in cases such as this where unnecessary litigation may result if the case must be reversed after trial because important issues were not heard. Particularly in light of the new judicial article which became effective in 1964, making law courts and chancery courts divisions of a single unified court system, the law court had jurisdiction to hear the issues raised in the amended complaint even if some of them sounded in equity. (Ill. Const. 1970, art. VI, §9; Ill. Rev. Stat. 1977, ch. 110, par. 44; *Barry v. Knight* (1938), 296 Ill. App. 277, 15 N.E.2d 999, *appeal denied*.) And, of course, since, as the appellee concedes, the reason the case was transferred to the law division was that a jury trial had been demanded, the law division would not have been reversing the equity court had it allowed the motion.

Nevertheless we cannot consider or rule upon this question because we have no jurisdiction. In general, appellate courts are without jurisdiction to review judgments, orders or decrees which are not final, unless the supreme court has otherwise provided. *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 254 N.E.2d 448; *In re Estate of Querciagrossa* (1965), 65 Ill. App. 2d 280, 213 N.E.2d 13; *In re Application of County Collector* (1972), 3 Ill. App. 3d 917, 278 N.E.2d 811.

■■ The law division's denial of appellant's motion to amend without prejudice was not a final and appealable order.

"A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof. (*Bailey v. Conrad* (1915), 271 Ill. 294 at 295, 111 N.E. 105 at 106; *Harris Trust and Savings Bank v. Briskin Manufacturing Co.* (1965), 63 Ill. App. 2d 12, 17, 211 N.E.2d 32, 35.) 'To be final and appealable a judgment order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment.' (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 574, 50 N.E.2d 836, 840; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371, 372; *Harris Trust & Savings Bank v. Briskin Manufacturing Co.* (1965), 63 Ill. App. 2d 12, 18, 211 N.E.2d 32, 35; *Nogacz v. Procter & Gamble Manufacturing Co.* (1976), 37 Ill. App. 3d 636, 652, 347 N.E.2d 112, 124." (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1020-21, 369 N.E.2d 188, 189.)

While the order here, for the present, deprives the appellant of the opportunity to prove in this action certain claims against certain defendants, the order did not terminate the litigation in the court below; that litigation is still pending. Indeed, the order can be reconsidered by

the trial court and revised at any time before the entry of a judgment adjudicating all the claims, rights and liability of all the parties. (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).) We would make it clear, however, that it is not alone the fact that the trial court entered the order "without prejudice" which renders that order unappealable. Even if the court had omitted those words, the order denying the appellant any right to pursue its actions against the officers could not be appealed until the entry of a judgment adjudicating all of the claims unless the trial court entered an order pursuant to Supreme Court Rule 304(a) finding that there was no just reason to delay an appeal. (*Standard Bank & Trust Co. v. Cooper* (1968), 100 Ill. App. 2d 42, 241 N.E.2d 564; *Reed v. City of Belleville* (1973), 13 Ill. App. 3d 1093, 301 N.E.2d 838.) This the law division refused to do although requested to do so by the appellant.

Our Supreme Court by rule does provide for appeal from certain interlocutory orders. Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307), allows appeal by right from orders granting or refusing injunctions, appointing or refusing to appoint a receiver or giving or refusing him certain powers, placing or refusing to place a mortgagee in possession of mortgaged premises, and certain matters in adoption and eminent domain cases. While a mortgage may be involved in this case, the appellant is not appealing from an order placing or refusing to place it in possession of mortgaged premises and clearly the other matters enumerated in the rule are in no way applicable to this case.

Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308), permits an appeal from an interlocutory order involving a question of law as to which there is substantial ground for a difference of opinion. However strict conditions are laid down which must be complied with. Since even the first condition, that the trial court must certify the question as one involving a question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation has not been met, it is obvious that Supreme Court Rule 308 is inapplicable here.

Accordingly, since the order of the law division is not final, and does not terminate all the claims against all the parties and does not fall within the scope of Supreme Court Rules 307 and 308 it is not an appealable order.

## II.

■■■ Since the chancery division in entering the order of July 6, 1977, did find pursuant to Supreme Court Rule 304(a) that the order was final and appealable, it is important to consider exactly what that order ruled. Had it determined as a final order that the appellant had no claim against the three officers, that order, because of the court's finding that there was

no reason to delay the appeal, would have been appealable. (*Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 377 N.E.2d 161.) While the chancery division did refuse to allow the amended complaint, it did so for the simple reason that it refused to vacate the earlier order transferring the case to the law division. And an order transferring a suit from one court to another or one division to another is not final and therefore is not appealable. *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371; *People v. Jiles* (1969), 43 Ill. 2d 145, 251 N.E.2d 529.

■■  The fact that the court entered a finding that there was no reason to delay an appeal does not make that order appealable. As we have pointed out before (*Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 375 N.E.2d 522), such a finding makes a final order appealable but it cannot make a nonfinal order final and only a final order is appealable unless it falls within the scope of Supreme Court Rules 307 or 308, which, for the same reasons discussed earlier in this opinion, the chancery order does not do.

Accordingly, the appeal is dismissed.

Appeal dismissed.

JOHNSON, P. J., and DIERINGER, J., concur.