Docket No. 91306–Agenda 37–September 2001.

DENNIS CLEMONS, Appellant, v. MECHANICAL DEVICES COMPANY, Appellee.

Opinion filed November 21, 2002.

JUSTICE FREEMAN delivered the opinion of the court:

This cause was remanded to the circuit court of McLean County for a new trial. Plaintiff, Dennis Clemons, filed a motion to amend his complaint against defendant, Mechanical Devices Company, to add a count alleging retaliatory discharge for exercising his rights under the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 
et seq.
 (West 2000)). The trial court denied the motion and the appellate court affirmed. No. 4–00–0639 (unpublished order under Supreme Court Rule 23).

We allowed plaintiff’s petition for leave to appeal (177 Ill. 2d R. 315(a)). We now reverse the courts below and remand the cause to the trial court with directions to grant plaintiff’s motion to amend.

BACKGROUND

We previously recited the underlying facts of this case in 
Clemons v. Mechanical Devices Co.
, 184 Ill. 2d 328 (1998) (
Clemons I
). Accordingly, we will describe only those facts pertinent to this appeal.

Plaintiff brought a retaliatory discharge action against defendant, alleging that defendant wrongfully discharged him in retaliation for filing a workers’ compensation claim. The action proceeded to a jury trial, where plaintiff presented evidence that defendant’s method of paying him violated the Wage Act (820 ILCS 115/1 
et seq.
 (West 2000)). Plaintiff’s counsel, during his examination of Linda Fillingham, defendant’s vice-president and general manager, directed her, over defendant’s objection, to read portions of the Wage Act. Plaintiff’s counsel questioned her about the legality of defendant’s method of payment in light of the Act.

At the close of evidence, the trial court allowed plaintiff to amend his complaint by adding a paragraph which alleged that defendant wrongfully discharged plaintiff “in retaliation of Plaintiff’s exercise of his statutory rights.” In granting plaintiff leave to amend the complaint, the trial court specifically noted that “the statutory rights referred to are in fact the workmen’s comp[ensation] statutory rights.” In his amended complaint, plaintiff did not allege a claim based on a violation of the Wage Act, nor did he allege that defendant discharged him in retaliation for pursuing rights afforded him under the Wage Act.

During closing argument, plaintiff’s attorney stated:

“If Mechanical Devices starts discharging their at-will employees because of the color of their skin, they are liable. If they start discharging employees for their gender, they are liable. If they start discharging their employees in violation of Illinois statute, they are liable. It is as simple as that. Read the statute.”

Plaintiff’s attorney did not identify the “statute” to which he referred. Also, the trial court instructed the jury regarding the Wage Act.

The jury found for plaintiff and awarded him damages. The trial court entered judgment on the verdict.

The appellate court reversed the judgment and remanded for a new trial. The appellate court concluded that the Wage Act was irrelevant to the issues in this case, and that the trial court erred by allowing testimony regarding that statute. 
Clemons v. Mechanical Devices Co.
, 292 Ill. App. 3d 242, 247-51 (1997). The appellate court further concluded that the admission of the testimony regarding the Wage Act, with corresponding jury instruction and argument, prejudiced defendant so as to deprive defendant of a fair trial. 
Clemons I
, 292 Ill. App. 3d at 252-53.

In the course of its opinion, the appellate court observed that “the 
only
 allegation of retaliatory discharge properly before the jury involved [plaintiff’s] filing a workers’ compensation claim. *** Accordingly, [plaintiff] did not have to show that [defendant] had violated the Wage Act in order to prove a retaliatory discharge for filing a workers’ compensation claim.” (Emphasis in original.) 
Clemons I
, 292 Ill. App. 3d at 248.

This court affirmed the judgment of the appellate court. 
Clemons I
, 184 Ill. 2d 328 (1998). This court likewise held that the presentation of evidence regarding defendant’s alleged violation of the Wage Act, with corresponding jury instructions and argument, constituted prejudicial error. 
Clemons I
, 184 Ill. 2d at 338.

In the course of its opinion, this court observed that “evidence of the alleged violation of the Wage Act was not relevant to plaintiff’s cause of action, which was based on an entirely different theory–that plaintiff was discharged in retaliation for filing a workers’ compensation claim.” 
Clemons I
, 184 Ill. 2d at 337. The opinion observed that “plaintiff could not attempt to put forth what was in essence a new and separate cause of action ***.” 
Clemons I
, 184 Ill. 2d at 337-38.

On remand, plaintiff filed a motion to amend his complaint to add a second count, which alleges retaliatory discharge for exercising his rights under the Wage Act. The trial court denied plaintiff’s motion to amend. The court found that section 2–616(a) of the Code of Civil Procedure (735 ILCS 5/2–616(a) (West 2000)) governed the amendment of plaintiff’s complaint. The court found that: the motion to amend was not timely; plaintiff had prior opportunities to amend; and defendant would sustain substantial prejudice by allowing the amendment. See 
Lee v. Chicago Transit Authority
, 152 Ill. 2d 432, 467-68 (1992); 
Loyola Academy v. S&S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 273 (1992). Further, the court found that its order involved “a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.” See 155 Ill. 2d R. 308(a). The trial court also expressly found that there was no just reason for delaying enforcement or appeal of its order. See 155 Ill. 2d R. 304(a).

The appellate court affirmed, with one justice dissenting. No. 4–00–0639 (unpublished order under Supreme Court Rule 23). The dissent observed that in 
Clemons I
, this court criticized the trial court’s admission of evidence relating to the violation of the Wage Act because plaintiff had not alleged a violation thereof. The dissent also concluded that plaintiff’s amendment was timely, and that defendant cannot be surprised by the evidence that was presented at the previous trial. No. 4–00–0639, slip op. at 10 (Cook, J., dissenting) (unpublished order under Supreme Court Rule 23). Plaintiff appeals to this court. 177 Ill. 2d R. 315.

ANALYSIS

I. Jurisdiction

Although neither the parties nor the appellate court has raised the issue of jurisdiction in this case, the dissent has. We have an independent duty to ensure that appellate jurisdiction is proper. Unless specifically authorized by the rules of this court, the appellate court has no jurisdiction to review judgments, orders, or decrees that are not final. Where the appellate court has considered the merits of a case when it had no jurisdiction to do so, we must vacate that court’s judgment and dismiss the appeal. 
Department of Central Management Services v. American Federation of State, County & Municipal Employees
, 182 Ill. 2d 234, 238 (1998).

The appellate court had jurisdiction to consider the merits of this case pursuant to Rule 304(a). Plaintiff moved to amend his complaint to add a second count, which alleges retaliatory discharge for exercising his rights under the Wage Act. Thus, the trial court’s order denying plaintiff’s motion effectively terminated one, but fewer than all, of the claims at issue in the case, as is required under the rule. Further, the trial court expressly included in the order the requisite finding of Rule 304(a).

The dissent concludes that the appellate court lacked jurisdiction in this case. According to the dissent, the order was not final because it did not absolutely and finally fix the rights of the parties with respect to plaintiff’s motion to amend. Noting that the trial court did not deny plaintiff’s motion “with prejudice,” the dissent reasons that the trial court can reconsider its denial of the motion at any time prior to final judgment. More basically, the dissent reasons that an order relating to a claim that has not been filed cannot constitute a final judgment as to that claim. Slip op. at 11-12 (Thomas, J., dissenting, joined by Fitzgerald and Garman, JJ.).

The dissent focuses on the form of the order and speculates as to what the trial court might do in the future, rather than focusing on the actions the trial court actually took. “The definition of a final order has been discussed by this court many times in all its phases ***.” 
Mills v. Ehler
, 407 Ill. 602, 609 (1950). It is quite settled that in determining whether an order is final, one should look to its substance and effect rather than to its form. 
In re J.N.
, 91 Ill. 2d 122, 128 (1982); 
Altschuler v. Altschuler
, 399 Ill. 559, 570 (1948). The question of finality must be considered with reference to the particular facts and circumstances of each case. 
Mills
, 407 Ill. at 609; 
Roddy v. Armitage-Hamlin Corp.
, 401 Ill. 605, 610 (1948).

In this case, it is clear that the order denying plaintiff’s motion to amend was substantively and effectively “final.” Although the trial court did not deny plaintiff’s motion “with prejudice,” the court expressly found, under section 2–616(a) of the Code of Civil Procedure (735 ILCS 5/2–616(a) (West 2000)), that defendant would be prejudiced if plaintiff’s complaint were amended. Further, the trial court’s attempt at Rule 308 certification, 
in addition to adding the Rule 304(a) finding
, strongly supports the conclusion that the trial court was firm in its conviction about the denial of plaintiff’s motion to amend and wanted the case to proceed to a court of review for a final determination on this matter before the start of trial.

This case is distinguishable from a case such as 
Peter G. Georges, Inc. v. Feldon Building Corp.
, 61 Ill. App. 3d 631 (1978), where: (1) the trial court’s denial of the motion to amend made it clear that reconsideration was a possibility, and (2) the trial court refused the appellant’s request to add Rule 304(a) language. 
Georges
, 61 Ill. App. 3d at 634-35. The order in this case is appealable under Rule 304(a).

II. Standard of Review

The parties disagree as to the standard of review. Plaintiff contends that our review of the trial court’s order should be 
de novo
 because that order centers on an issue of law. Defendant contends that our review should be deferential because it was within the discretion of the trial court to enter such an order. The appellate court employed a deferential standard of review.

A trial court has discretion in deciding a motion to amend pleadings, and a reviewing court will not reverse the trial court’s decision absent abuse of that discretion. 
Lee
, 152 Ill. 2d at 467; 
Loyola Academy
, 146 Ill. 2d at 273-74. However, a trial court must exercise its discretion within the bounds of the law. 
Loyola Academy
, 146 Ill. 2d at 274; 
People v. Williams
, 188 Ill. 2d 365, 369 (1999). After a remand, the trial court is required to exercise its discretion within the bounds of the remand. Whether it has done so is a question of law. See 
Ptaszek v. Konczal
, 10 Ill. 2d 326 (1957); compare 2 Nichols Illinois Civil Practice §33:1 
et seq.
 (rev. 2002) (“Amendments and Supplemental Pleadings”) with 6 Nichols Illinois Civil Practice §121.01 
et seq.
 (rev. 1998) (“Procedure After Remand”). A reviewing court determines a legal question independently of the trial court’s judgment. 
Williams
, 188 Ill. 2d at 369; 
In re Lawrence M.
, 172 Ill. 2d 523, 526 (1996).

So there are two different standards of review applicable to what are essentially two distinct issues in this case. The first issue is whether our mandate required the trial court to allow the amendment. This question of law we address 
de novo
. If this question of law is answered in the negative, 
i.e.
, the trial court had discretion to allow or deny amendment, the question becomes whether the trial court erred in denying amendment, a decision which we review only for abuse of discretion.

III. The Merits

In reversing the trial court in 
Clemons I
, the appellate court concluded: “
For the reasons stated
, we reverse and remand for a new trial 
consistent with the views expressed herein
.” (Emphases added.) 
Clemons I
, 292 Ill. App. 3d at 254. In affirming the appellate court, this court concluded its opinion by stating: “
For the foregoing reasons
, the judgment of the appellate court, which reversed the judgment of the circuit court of McLean County, is affirmed.” (Emphasis added.) 
Clemons I
, 184 Ill. 2d at 339. This court incorporated its opinion in 
Clemons I
 in the mandate to the appellate court. The appellate court subsequently issued its mandate, which directed as follows: “It is the decision of this court that the order on appeal from the [trial] court be REVERSED and the cause be REMANDED to the [trial court], 
for such other proceedings as required by the opinion of this court, a copy of which is attached hereto
.” (Emphasis added.)

The controlling principles are quite established. After a judgment is reversed and the cause is remanded, the trial court can hold only such further proceedings as conform to the judgment of the appellate tribunal. 
Nye v. Nye
, 411 Ill. 408, 413 (1952); 
Roggenbuck v. Breuhaus
, 330 Ill. 294, 297 (1928); see 
Jones v. Board of Fire & Police Commissioners
, 204 Ill. App. 3d 1004, 1010 (1990); 
Zokoych v. Spalding
, 84 Ill. App. 3d 661, 666 (1980).

Before this court, defendant acknowledges this principle. However, defendant observes that neither this court nor the appellate court specifically directed the trial court to allow plaintiff to amend the complaint. At oral argument, defendant contended that “the opinion was silent as to the pleadings.” Defendant argues that, due to the “general remand” of this court and of the appellate court in 
Clemons I
, the trial court retained the discretion to allow or deny plaintiff leave to amend the complaint.

As the dissent notes, the reviewing courts in 
Clemons I
 did not explicitly demand that the trial court allow plaintiff to amend the complaint. Slip op. at 13 (Thomas, J., dissenting, joined by Fitzgerald and Garman, JJ.). However, it is not required that a reviewing court state specific directions in an order reversing a judgment and remanding a cause. In such a case, it is then the duty of the court to which the cause is remanded to examine the reviewing court’s opinion and to proceed in conformity with the views expressed in it. 
Nye
, 411 Ill. at 413-14; 
Roggenbuck
, 330 Ill. at 298; see 
Pinelli v. Alpine Development Corp.
, 70 Ill. App. 3d 980, 1007 (1979). “[T]hen, of course, the content of the opinion is significant.” 
PSL Realty Co. v. Granite Investment Co.
, 86 Ill. 2d 291, 308 (1981).

In this regard, the trial court will in some cases be required to allow the amendment of pleadings even when the reviewing court has not explicitly so ordered:

“When a judgment is reversed and the cause remanded with directions to proceed in conformity to the opinion then filed, 
and it appears from the opinion that the grounds of reversal are of a character to be obviated by subsequent amendment of the pleadings
 or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be re-docketed and then to permit amendments to be made and evidence to be introduced on the hearing just as if the cause was then being heard for the first time.” (Emphasis added.) 
Roggenbuck
, 330 Ill. at 298.

See also 
Kinney v. Lindgren
, 373 Ill. 415, 420 (1940).

Roggenbuck
 “contains a thorough and still valid discussion of proceedings that may take place after remand.” J. Eaton, W. Quinlan & R. Stern, 
Filing of Mandate in Circuit Court & Proceedings thereafter in Illinois State Court (Ill. Supreme Court Rule 369)
 in Illinois Civil Appellate Practice: State & Federal §27–9 (Ill. Inst. for Cont. Legal Educ. 1997); see 6 Nichols Illinois Civil Practice §121.25, at 204 (rev. 1998). The dissent overlooks this well-settled principle.

Before this court, defendant correctly contends that the grounds for reversal in 
Clemons I
 were the incorrect admission of evidence and corresponding jury instruction regarding the Wage Act. However, the admission of evidence regarding the Wage Act, with corresponding jury instruction and argument, only constituted prejudicial error 
because
 plaintiff did not allege a violation of the Wage Act. See 
Clemons I
, 184 Ill. 2d at 335; 
Clemons I
, 292 Ill. App. 3d at 247-48. Had plaintiff alleged a Wage Act violation, the admission of evidence regarding the Wage Act, with corresponding jury instruction and argument, would not have been erroneous. Thus, these “grounds of reversal are of a character to be obviated by subsequent amendment of the pleadings.” 
Roggenbuck
, 330 Ill. at 298. Accordingly, it was the duty of the trial court to allow plaintiff to amend his complaint to add a count under the Wage Act. See 
Kinney
, 373 Ill. at 420; 
Roggenbuck
, 330 Ill. at 298. Of course, outside of the issues addressed by the reviewing courts in 
Clemons I
, the trial court retains the discretion to allow or deny further subsequent amendments to the pleadings. See 
Kinney
, 373 Ill. at 420; 735 ILCS 5/2–616(a) (West 2000).

We note defendant’s warning that a party opposing a pleading amendment following a remand from a reviewing court would never be able to prevail. According to defendant, such a pleading amendment would lead to unfair results, such as a defendant’s open-ended exposure to liability.

However, plaintiff counters, and we agree, that section 2–616(b) of the Code of Civil Procedure (735 ILCS 5/2–616(b) (West 2000)) protects a defendant under these circumstances. Pursuant to section 2–616(b), a new cause of action alleged in an amended complaint, filed after the applicable limitations period has expired, will relate back to the filing of the original complaint only if: (1) the original pleading was timely filed; and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2–616(b) (West 2000)); see 
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 106-09 (1996).

Because the trial court’s order did not conform to the mandate on remand, it is reversed.

We lastly note that our result in this appeal would be the same even if we viewed the case through the discretionary standard embodied in section 2–616(a) of the Code of Civil Procedure (735 ILCS 5/2–616(a) (West 2000)). Generally the decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court. Absent abuse of that discretion, its decision will not be disturbed on review. The factors to be considered in determining whether or not to permit an amendment to the pleadings are whether: (1) the proposed amendment would cure a defect in the pleadings; (2) the proposed amendment would prejudice or surprise other parties; (3) the proposed amendment is timely; and (4) there were previous opportunities to amend the pleading. 
Lee
, 152 Ill. 2d at 467-68; 
Loyola Academy
, 146 Ill. 2d at 273-74.

We agree with the appellate court that the first factor is not relevant to our analysis. Plaintiff did not move to amend his complaint to cure a defective pleading. However, we disagree with the appellate court as to the remaining three factors.

We do not find any prejudice or surprise. At the first trial, defendant proffered a reason for its discharge of plaintiff–namely, that plaintiff demanded his paycheck by a certain date. Thus, defendant was not taken by surprise by the facts that formed the basis of plaintiff’s new claim. There can be no serious claim of prejudice when the only surprise is that defendant did not realize the legal significance of the facts it was asserting as its defense.

The remaining factors are timeliness of the proposed amendment and whether there were previous opportunities to amend the pleading. Initially, we note that this was only plaintiff’s second request to amend his original complaint. More fundamentally, however, this cause was on remand from the reviewing courts in 
Clemons I
. The appellate court concluded that “when a trial court is faced with a plaintiff’s motion to amend his complaint upon remand, the court may appropriately consider proceedings that took place prior to remand.” However, the controlling principle is settled:

“ ‘When a decree is reversed and the cause is remanded without specific directions, the judgment of the court below is entirely abrogated, and the cause stands there as if no trial had occurred. *** [The trial court] may permit amendments to the pleadings or the introduction of further evidence, so long as such steps are not inconsistent with the principles announced by the court of review ***.’ ” 
Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.
, 63 Ill. 2d 61, 68-69 (1976), quoting 
Kinney
, 373 Ill. at 420.

Plaintiff should not be denied the opportunity to amend his complaint because the invalidity of his case–based on his failure to plead a violation of the Wage Act–was determined first in the reviewing courts rather than at the trial level. See 
City of Aurora v. Young Men’s Christian Ass’n
, 9 Ill. 2d 286, 295 (1956); 
In re Estate of Pirie
, 141 Ill. App. 3d 750, 771 (1986).

In addition to the above factors, we note that the proposed amendment was clearly material to the case. See 
Loyola Academy
, 146 Ill. 2d at 276. Consideration of these factors shows that the trial court clearly abused its discretion when it denied plaintiff’s motion to amend his complaint.

CONCLUSION

For the foregoing reasons, the judgment of the appellate court and the order of the circuit court of McLean County are reversed, and the cause remanded to the trial court with directions to allow plaintiff to amend his complaint.

Appellate court reversed
;

circuit court reversed;

cause remanded.

JUSTICE THOMAS, dissenting:

Unlike the majority, I do not believe that the order appealed from in this case is final and appealable. See slip op. at 4. I therefore respectfully dissent.

The law is well established that, unless specifically authorized by the rules of this court, the appellate court has no jurisdiction to review judgments, orders, or decrees that are not final. 
Department of Central Management
, 182 Ill. 2d at 238. An order or judgment is final if, on the issues presented in the pleadings, it “ascertains and fixes absolutely and finally the rights of the parties.” 
Department of Central Management
, 182 Ill. 2d at 238. Where the appellate court considers the merits of a nonfinal order over which it lacked jurisdiction, we must vacate that court’s judgment and dismiss the appeal. 
Department of Central Management
, 182 Ill. 2d at 238.

The order appealed from in this case is neither final nor appealable. Again, that order simply denies Clemons’ motion to amend his complaint to include an additional count of retaliatory discharge under the Wage Act. Clearly, that order did not terminate the litigation between the parties, as that litigation remains pending in the trial court. Moreover, that order neither ascertains nor fixes 
absolutely and finally
 the rights of the parties with respect to Clemons’ request for leave to amend. Indeed, Clemons’ motion was denied without prejudice, and section 2–616 specifically provides that, on just and reasonable terms, an amendment “adding new causes of action” may be allowed “at anytime before final judgment” (735 ILCS 5/2–616(a) (West 2000)). Thus, Clemons may renew his motion–and the trial court may reconsider its ruling–anytime before final judgment. Of course, whether Clemons 
in fact
 renews his motion or the trial court 
in fact
 reconsiders its ruling is irrelevant to a determination of finality; the mere fact that both options 
are available
 renders the order denying Clemons’ motion for leave to amend nonfinal.

The trial court’s inclusion of a Rule 304(a) finding in no way alters this result. Rule 304(a) provides:

“If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from 
a final judgment
 as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.” (Emphasis added.) 155 Ill. 2d R. 304(a).

Thus, by its own terms, Rule 304(a) applies only to final judgments. As demonstrated above, however, the trial court’s order denying Clemons’ motion for leave to amend is 
not
 final. Rule 304(a) therefore has no application in this case, and the trial court’s Rule 304(a) finding “was to no purpose and did not render [that order] appealable.” See 
Kellerman v. Crowe
, 119 Ill. 2d 111, 115 (1987). More importantly, the trial court’s order is not subject to a Rule 304(a) finding because it does not relate to a claim for relief involved in Clemons’ action. 
Clemons was denied leave to file his Wage Act claim
. How can an order relating to a claim 
that has never been filed
 constitute a final judgment as to that claim? Quite clearly, it cannot.
(footnote: 1)
 Moreover, although the trial court’s order denying Clemons’ motion for leave to amend invokes Supreme Court Rule 308 (155 Ill. 2d R. 308(a)), we know both that Clemons did not pursue this appeal under that rule and that the appellate court did not hear this appeal under that rule. Rule 308 provides:

“When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. ***

*** The appeal will be sought by filing an application for leave to appeal *** within 14 days after the entry of the order in the trial court or the making of the prescribed statement by the trial court, whichever is later.” 155 Ill. 2d Rs. 308(a), (b).

Here, Clemons did not file “an application for leave to appeal *** within 14 days after the entry of the order in the trial court.” Rather, he filed a 
notice
 of appeal 
27 days
 after the entry of that order. This alone precludes a finding of appellate jurisdiction under Rule 308. See 
Archer Daniels Midland Co. v. Barth
, 103 Ill. 2d 536, 539 (1984) (the timely filing of a notice of appeal is jurisdictional). However, even if Clemons 
had
 filed a timely application under Rule 308(a), the appellate court still would have lacked jurisdiction, as the trial court’s order failed even to identify the “question of law” it purported to certify. 155 Ill. 2d R. 308(a).

Finally, I wish to note that this is not a case of the trial court misconstruing our mandate, a circumstance that conceivably could justify the exercise of this court’s supervisory authority irrespective of the jurisdictional defect. Nowhere in 
Clemons I
 did this court order or even suggest that Clemons be allowed to amend his complaint to add an additional count under the Wage Act. Rather, after noting that Clemons specifically disavowed any intention of pursuing a remedy under the Wage Act (
Clemons I
, 184 Ill. 2d at 335), this court held simply that the trial court erred in admitting evidence of and instructing the jury on defendant’s alleged violation of the Wage Act and that such error was prejudicial to defendant (
Clemons I
, 184 Ill. 2d at 338). In reaching this result, the court noted that:

“The burden remains on the plaintiff to establish the elements of his cause of action,
 which here involved the discrete claim that the defendant wrongfully discharged plaintiff in retaliation for seeking recovery under the Workers’ Compensation Act
. *** Other remedies may exist for the other violation,
 but the burden still rests on plaintiff to prove the elements of the action he has pleaded
. (Emphases added.) 
Clemons I
, 184 Ill. 2d at 336-37.

Nothing in this language, or for that matter in all of 
Clemons I
, could possibly be construed as a mandate to the trial court to allow Clemons’ proffered amendment. Consequently, the propriety of the trial court’s interlocutory order denying Clemons’ motion for leave to amend must be reviewed as all such orders are reviewed–at the conclusion of the litigation and only for a manifest abuse of discretion. See 
Loyola Academy v. S&S Roof Maintenance, Inc.
 146 Ill. 2d 263, 273-74 (1992).

In sum, the appellate court in this case considered the merits of a nonfinal order over which it lacked jurisdiction. I therefore would vacate that court’s judgment and dismiss this appeal.

JUSTICES FITZGERALD and GARMAN join in this dissent.

FOOTNOTES
1:     
1
Of course, this is not to say that the order denying Clemons’ motion for leave to amend is not appealable. On the contrary, like any other nonfinal interlocutory order, it is appealable at the termination of the litigation in the trial court. See 
People ex rel. Scott v. Silverstein
, 87 Ill. 2d 167, 171 (1981) (interlocutory orders in a pending case are not directly appealable but instead are reviewable on appeal from the final order).