**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220047-U

Order filed April 17, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0047 Circuit No. 10-CF-1923 |
| | ) | |
| WALTER J. BRZOWSKI, | ) ) | Honorable Carmen J. Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court conducted a proper preliminary *Krankel* inquiry and did not err in not appointing new counsel to represent defendant during such proceedings.

¶ 2     Defendant, Walter J. Brzowski, appeals the denial of his postplea claims of ineffective assistance of counsel, arguing that the Will County circuit court's decision to deny him appointment of new counsel was manifestly erroneous. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          In July 2015, defendant entered a fully negotiated plea agreement to one count of violating an order of protection (720 ILCS 5/12-30(a)(1) (West 2010)). In exchange for his plea, defendant received a sentence of three years' imprisonment and four years of mandatory supervised release. Defendant received credit for 1452 days already spent in custody. He was represented by an attorney from the Will County Public Defender's Office. Approximately two months after the plea, defendant filed a motion to withdraw it. The court denied the motion, and on appeal we remanded the matter for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Brzowski*, No. 3-16-0289 (2018) (unpublished minute order).

¶ 5          On remand, the circuit court reappointed plea counsel to represent defendant. Defendant filed his own motion requesting a change in his legal representation. At the next court date, plea counsel informed the court that defendant wished to represent himself. The court discharged plea counsel. Defendant stated that he wanted to represent himself; however, he also stated that he wanted to hire private counsel. He later asked the court to appoint a different public defender, to which the court informed him that it did not decide which attorney he received once counsel was appointed. At the hearing on the motion to withdraw the plea, defendant represented himself. The court denied the motion.

¶ 6          Defendant appealed, arguing that the matter must be remanded for a *Krankel* inquiry and that his postplea waiver of counsel was invalid. The State agreed with defendant on appeal. Thus, we once again remanded the cause and gave the circuit court directions to conduct *de novo* postplea proceedings that included an inquiry into defendant's ineffective assistance of counsel claims and to provide him with proper 401(a) admonishments if defendant again indicated he wished to represent himself in the proceedings. *People v. Brzowski*, No. 3-19-0072 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

2

¶ 7        On March 3, 2021, defendant appeared in circuit court to address his ineffective assistance of counsel claims. On this date, the State explained to defendant that a preliminary *Krankel* inquiry would occur. Defendant would be given an opportunity to present his claims of ineffective assistance of counsel to the court and to question his plea counsel regarding his actions. The court would then "decide if he made a good enough showing of ineffectiveness to then appoint counsel for further *Krankel* inquiry."

¶ 8        The court conducted the preliminary *Krankel* inquiry on March 31, 2021, and the procedures were again explained to defendant. The court explained that the purpose of the inquiry at that point was for defendant to present his arguments so the court could "make a determination if [defendant had] enough to say that [plea counsel] was ineffective." The court also told defendant that "[t]his is not a time to argue every injustice that you feel that you have had within the judicial system. This is just on this issue on the ineffective assistance of counsel when you pled guilty." Defendant agreed that this would be the focus of the hearing.

¶ 9        During the hearing, defendant argued that the court did not have jurisdiction over him because he resided in Cook County and that the order of protection which was the root of his charges was void due to the same jurisdictional issues. Defendant also questioned plea counsel regarding the jurisdictional issues he believed were prevalent in the case. The court intervened and explained to defendant, "the issue here is ineffective assistance of counsel at the time and at the point that this was a negotiated disposition." It explained that any jurisdictional issue was "an altogether different issue" and not the focus of the inquiry. The court told defendant the only issue for the inquiry was "[d]id [plea counsel] do something that you relied on that you said you should not have that you received bad counsel."

¶ 10     When defendant asked plea counsel about the circumstances of defendant's plea, counsel testified that at the time of plea discussions, defendant had already been incarcerated for longer than the maximum sentence he would receive for one offense. Plea counsel stated that he discussed with defendant whether he wanted to proceed on the motions defendant filed or if defendant wanted to plead guilty and receive a sentence which would allow him to be released. Defendant chose to plead guilty.

¶ 11     Defendant argued that his counsel was ineffective for allowing him to plead guilty when the charge was "highly probationable" and "a mild, mild, mild alleged crime." He again argued that the order of protection was void for lack of jurisdiction. After hearing plea counsel's testimony and defendant's argument, the court stated that plea counsel's representation was "adequate." The court declined to conduct any further proceedings under *Krankel*. The court also denied defendant's motions to reconsider this ruling and to withdraw his guilty plea. Defendant now appeals.

¶ 12                              II. ANALYSIS

¶ 13     Defendant argues that the circuit court failed to follow this court's directions on remand. Specifically, he contends that the court did not conduct proper *Krankel* proceedings and that it did not obtain a knowing and intelligent waiver of his right to counsel to proceed without an attorney for those proceedings. He argues that, because the circuit court did not admonish him regarding the potential to have newly appointed counsel during the *Krankel* hearing, it did not conduct the hearing per this court's directions. We review compliance with this court's mandate *de novo*. *Clemens v. Mechanical Devices Co.*, 202 Ill. 2d 344, 352 (2002).

¶ 14     We remanded this cause for the circuit court to conduct a postplea *Krankel* inquiry, as well as provide defendant with the proper admonishments if he elected to proceed without

4

counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). Through *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, our supreme court has developed a procedural framework for the resolution of posttrial claims of ineffective assistance of counsel. When a defendant, as a self-represented litigant, raises an ineffective assistance of counsel claim after a plea, the circuit court must first conduct a preliminary inquiry to determine whether new counsel should be appointed to further address the issue. *People v. Jolly*, 2014 IL 117142, ¶ 29. The purpose of the preliminary inquiry is to determine the underlying factual basis of the claims and to provide defendant an opportunity to argue his claims to the court. *People v. Ayres*, 2017 IL 120071, ¶ 24. It is not necessary for the court to appoint new counsel until after the preliminary inquiry has occurred. *People v. Moore*, 207 Ill. 2d 68, 78 (2003). If, after conducting an adequate preliminary inquiry, the court finds defendant's claims lack merit, there is no need to appoint new counsel. *People v. Roddis*, 2020 IL 124352, ¶¶ 35, 61, 67. It is only when the court believes defendant may have a valid claim of possible neglect by counsel that defendant has a right to newly appointed counsel. *Moore*, 207 Ill. 2d at 78; *People v. Boose*, 2014 IL App (2d) 130810, ¶ 35.

¶ 15        At a preliminary *Krankel* inquiry, the circuit court may consider the legal merit of the claim as well as the factual basis. *Roddis*, 2020 IL 124352, ¶ 61. "[S]ome interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is *** usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Moore*, 207 Ill. 2d at 78. The court may base its decision on "its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 79.

¶ 16      The court here engaged both defendant and counsel and gave each the opportunity to explain his respective position. In addition, the court allowed defendant to question plea counsel regarding his arguments that there were jurisdictional issues in his felony charges and whether the underlying order of protection was void, both of which were topics that were unrelated to counsel's involvement as plea counsel. Further, the court repeatedly explained to defendant that the focus of the hearing was on plea counsel's representation of him, and that it could not review defendant's other arguments as they were not relevant to counsel's representation. Defendant then proceeded to argue that counsel's ineffectiveness stemmed from the fact that he was allowed to plead guilty to such a "mild" offense. The court determined that defendant's presentation of his claims did not provide a sufficient showing of possible neglect, and the court found counsel's representation to be "adequate." Based on the record and the court's findings, we cannot say that it was indisputable that defendant demonstrated possible neglect, necessitating further proceedings with newly appointed counsel. The court's finding that further inquiry was unnecessary is not manifestly erroneous. See *People v. Maya*, 2019 IL App (3d) 180275, ¶ 17.

¶ 17      Defendant also argues that the court erred by not exercising its discretion to appoint counsel to represent him during the preliminary inquiry. It is a well settled principle that defendant is not entitled to counsel during a preliminary inquiry. See *Moore*, 207 Ill. 2d at 78. Defendant further contends that this court should follow the reasoning in *People v. Miller*, 2020 IL App (1st) 163304, ¶¶ 62-65, to find that defendant should have been admonished as to his right to counsel at a *Krankel* hearing before the preliminary inquiry took place. The court in *Miller* found that the court erred in not appointing counsel for a *Krankel* hearing when the court erroneously operated under the belief that defendant's general waiver of counsel for postplea

proceedings also applied the *Krankel* hearing. *Id.* However, the court in *Miller* cites to *People v. Boose*, 2014 IL App (2d) 130810, ¶ 35, to explain that, if the court determines, *after* a preliminary inquiry, that a defendant's claims have merit, the defendant has a right to new counsel to represent him during the *Krankel* hearing. *Miller*, 2020 IL App (1st) 163304, ¶ 65. Neither court furthers defendant's argument that the court here should have considered appointing counsel *before* the preliminary inquiry took place, nor do they require the court to specifically admonish defendant prior to a preliminary inquiry that if his claims have merit, he has a right to counsel for further proceedings. As defendant was not entitled to counsel for the preliminary inquiry and the *Krankel* proceedings did not continue beyond it, there was no need for the court to admonish defendant regarding his right to counsel or to appoint counsel for further *Krankel* proceedings. Thus, the court did not err in allowing defendant to proceed without counsel at the preliminary inquiry.

¶ 18 We find that the circuit court complied with our mandate to conduct *Krankel* proceedings. The court held a preliminary inquiry and determined that it need not proceed further on the matter. Considering the efforts made by the court to adequately conduct the preliminary *Krankel* inquiry, there was no manifest error in the court's conclusion. We further find that it was not necessary for the court to obtain a knowing and intelligent waiver of counsel when counsel is not required during a preliminary inquiry. Accordingly, we decline to remand for the appointment of independent counsel and further *Krankel* proceedings.

¶ 19                                  III. CONCLUSION

¶ 20 The judgment of the circuit court of Will County is affirmed.

¶ 21 Affirmed.

7