(No. 18615.—Reversed and remanded.)
ALBERT ROGGENBUCK *et al.* Defendants in Error, *vs.*
A. JULIUS BREUHAUS, Plaintiff in Error.

*Opinion filed April 21, 1928—Rehearing denied June 13, 1928.*

1. APPEALS AND ERRORS—*specific directions not necessary on re-manding cause.*  It is not required that specific directions shall be stated in an order reversing a judgment and remanding a cause, and for the purpose of determining what proceedings the trial court may take in conformity with the views expressed by the reviewing court it is necessary to ascertain what the issues are and to examine the opinion of the court which deals with them.

2. SAME—*when amendment of pleadings and re-trial may be had on remandment.*  Where a court of appellate jurisdiction determines the issues and decides the questions involved on their merits and the judgment is reversed and the cause remanded with directions to proceed in conformity with the views expressed in the opinion the trial court must enter a final order or judgment without a re-trial; but where it appears from the opinion that the case has not been decided on the merits and that the grounds of reversal can be obviated by amending the pleadings or introducing additional evidence the trial court should permit the parties to so proceed.

3. SAME—*what evidence not admissible after remandment.*  In an action at law, on remandment of the cause with directions to proceed in conformity with the views expressed in the opinion, which clearly show that the court of review is unable to determine the merits on the record as it stands, it is error to introduce in evidence, over the defendant's objection, the opinion of the court of review and a transcript of the evidence on the former trial, to allow the attorney for the plaintiff to testify to his calculation of the damages based on the opinion and refuse to allow another hearing and the introduction of further evidence.

4. SAME—*when parties are entitled to trial de novo in action at law.*  Where a judgment in an ordinary suit at law is reversed for errors intervening prior to the entry of the judgment and the cause is remanded generally without specific directions the parties are entitled to a trial *de novo,* and their rights in regard to a jury trial are the same as before the previous trial.

5. SAME—*when it is error to deny jury trial on remandment of cause to municipal court.*  In an action at law in the municipal court of Chicago for damages for breach of contract, although the

first trial is before the court without a jury, on remandment of the cause by a reviewing court whose opinion does not decide the case on the merits and makes no specific directions except to proceed in accordance with the views expressed, it is error to refuse a demand in writing for a trial by jury, where it is accompanied by an offer to pay the jury fee in accordance with the statute.

6. EVIDENCE—*evidence on former trial is not admissible except by agreement.* The testimony of witnesses or other evidence contained in a bill of exceptions taken on the trial of a cause is not evidence on a subsequent trial of the same cause except by agreement of the parties.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.

GEORGE W. THOMA, and E. MARSHALL AMBERG, (ROY S. GASKILL, of counsel,) for plaintiff in error.

D. W. PARKER, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court affirmed a judgment of the municipal court of Chicago for $3735.18 in favor of Albert Roggenbuck and Augusta Roggenbuck against A. Julius Breuhaus, and the record has been brought before us by writ of *certiorari* for review.

The action was brought in the municipal court to recover damages for a breach of contract to convey real estate. It was tried by the court without a jury, judgment was for the defendants in error and the plaintiff in error appealed to the Appellate Court, which reversed the judgment. In the opinion filed the court considered in detail the facts concerning the various issues in the case. It found no error of law in the record except in the refusal of the court to hold certain propositions of law which the plaintiffs requested but which the court held, in view of its consider-

ation of the facts in its opinion, were of no importance.
The issues in the case involved questions of breaches of the
contract by the plaintiffs in failing to make payments at the
times required by the contract and failure to pay an install-
ment of a special assessment, waiver by the. defendant of
such breaches and the amount of damages.   The opinion
held, in effect, that the evidence showed the defaults of the
plaintiffs in the payments required by the contract and the
waiver of such defaults by the defendant, but it also held
that it was impossible to determine the amount of the dam-
ages from the evidence in the record, and for that reason
the court was unable to fix the damages and enter judgment
in the Appellate Court.   The judgment of the municipal
court was therefore reversed and the cause remanded for
further proceedings not inconsistent with the views set forth
in the opinion.   Upon the remandment of the cause the
defendant demanded a jury trial and offered to pay the
docket fee required to be advanced, but the court overruled
the motion, saying that the Appellate Court had found cer-
tain facts and that its finding of facts must be assumed to
be true; that the jury could not change 10 to 9 or 9 to 10,
and he would carry out the mandate of the Appellate Court.
The defendant then moved for a new trial of the issues in
the municipal court, and this motion was denied.   The trial
then proceeded, and the plaintiffs introduced the mandate
of the Appellate Court reversing the former judgment and
remanding the cause for "such other and further proceed-
ings as to law and justice shall appertain, not inconsistent
with the views expressed in the opinion of this court this
day filed herein."   The plaintiffs then offered in evidence a
certified copy of the opinion of the Appellate Court, which
was admitted in evidence over the defendant's objection.
The plaintiffs also offered in evidence the transcript of the
record of the municipal court which was filed in the Appel-
late Court on the previous appeal of the cause, and this
was also admitted in evidence over the defendant's objec-

tion.  This was all the evidence in the cause except the testimony of the attorney for the plaintiffs, who stated that he had examined the opinion of the Appellate Court, especially that part of it which refers to the method of arriving at the plaintiffs' damages; that he had taken the figures set forth in the Appellate Court opinion showing the amount of the contract and the payments thereon on the dates shown in the opinion and had taken into consideration the payments of installments on special assessments and the general taxes as stated in the Appellate Court opinion and had calculated the interest on the various payments. He presented a statement of the account and figures which he had compiled, and this, as well as the witness' testimony, was admitted in evidence over the defendant's objection. The plaintiffs rested their case and the defendant moved to find the issues in his favor.  This motion was overruled, and the defendant then moved the court for leave to present his entire defense on the merits of the case as set forth in his affidavit of merits, but the court overruled this motion and entered judgment in favor of the plaintiffs for $3735.18, the amount which the attorney testified to be due. The defendant appealed to the Appellate Court, and this is the record which is now before us for review, the Appellate Court having affirmed the judgment.

The words of the first opinion of the Appellate Court, that the cause is remanded "for further proceedings not inconsistent with the views herein set forth," and the similar language in the mandate, are of no significance in determining what course should be pursued by the municipal court. After a judgment is reversed and the cause is remanded the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal.  If specific directions are given nothing can be done except carry out those directions.  If no specific directions are given it must be determined from the nature of the case what further proceedings will be proper and not inconsistent with

the opinion. It is not required that specific directions shall
be stated in an order reversing a judgment and remanding
a cause, and it is the duty of the court to which the cause
is remanded to examine the opinion and proceed in conform-
ity with the views expressed in it. For the purpose of de-
termining what proceedings the court may take in conform-
ity with the views expressed in the opinion it is necessary
to ascertain what the issues are and to examine the opin-
ion of the court which deals with them. (*In re Estate of
Maher,* 210 Ill. 160; *Wenham* v. *International Packing Co.*
213 id. 397; *People* v. *Waite,* 243 id. 156.) It is the rule
that where a court of appellate jurisdiction, in considering
a cause, determines the issues and decides the questions in-
volved upon their merits, and the judgment is reversed and
the cause remanded with directions to proceed in conform-
ity with the views expressed in the opinion, there is no
power in the court below except to enter a final order or
judgment without a re-trial; but if the issues are not deter-
mined on their merits and the judgment is reversed and the
cause remanded with the directions mentioned ·a re-trial
may be had, when the court below will be governed by the
legal principles which have been announced by the appellate
tribunal, and evidence offered by either party which falls
within the principles so announced must be received. (*In re
Estate of Maher, supra.*) When a judgment is reversed and
the cause remanded with directions to proceed in conform-
ity to the opinion then filed, and it appears from the opinion
that the grounds of reversal are of a character to be obvi-
ated by subsequent amendment of the pleadings or the in-
troduction of additional evidence, it is the duty of the trial
court to permit the cause to be re-docketed and then to per-
mit amendments to be made and evidence to be introduced
on the hearing just as if the cause was then being heard for
the first time. It is only when the merits of the controversy
and the ultimate rights of the parties are decided in a court
of review that a reversal and remandment will deprive the

court below of the right to allow amendments to the pleadings and hear other evidence. (*Aurora and Geneva Railway Co.* v. *Harvey,* 178 Ill. 477.) The issues in the case now before us were not finally determined by the Appellate Court. No judgment could finally be rendered in conformity with the opinion of that court. The court expressly determined that it was impossible to enter judgment in that court because the amount of the damages was not sufficiently shown by the evidence. How, then, could the municipal court enter a judgment on its record containing only the same evidence? It could not do so and did not try to do so but recognized that the introduction of evidence was necessary to enable it to render judgment. The supposed new evidence, however, was only the calculation of the plaintiffs' attorney based on figures which he got from the opinion of the Appellate Court. If the Appellate Court was unable from its own record to determine that issue it could hardly be held that the trial court could render such a judgment, or that the evidence of a witness, based only on the record, could make the record any more certain than the court found it to be.

The plaintiffs and the court recognized that no judgment could be entered without the introduction of further evidence. All the evidence introduced by the plaintiffs was incompetent. The mandate of the Appellate Court was not objected to, but its opinion was objected to and was not competent on any issue in the case. The transcript of the record of the municipal court filed in the Appellate Court was objected to and was not competent evidence. It contained the evidence taken on the first trial, which was set forth in the bill of exceptions, but the testimony of witnesses or other evidence contained in a bill of exceptions taken on the trial of a cause is not evidence on the subsequent trial of the same cause unless by agreement of the parties. The testimony of the attorney and his calculation of the amount of damages, based on the opinion of the

Appellate Court, were not competent because the Appellate Court had held that the facts shown in the record were not sufficient to form the basis of a judgment. There was, therefore, no evidence before the court to sustain a judgment for plaintiffs. The court denied the defendant's demand for a jury trial because of his belief that the Appellate Court having found certain facts, those facts must be assumed to be true and could not be changed on a subsequent trial. This assumption of the trial judge was incorrect. When a judgment or decree is reversed and the cause is remanded without specific directions, the judgment of the court below is entirely abrogated and the cause then stands in that court precisely as if no trial had occurred, and the court has the same power over the record as it had before its judgment or decree was rendered. (*Aurora and Geneva Railway Co.* v. *Harvey, supra.*) In such case the parties are entitled to a new trial, and their rights in regard to a jury trial are the same as before the previous trial. If a judgment in an ordinary suit at law in which the parties are entitled to a jury trial is reversed for errors intervening prior to the entry of the judgment and the cause is remanded generally, the parties are entitled to a trial *de novo.* (*People* v. *Lord,* 315 Ill. 603.) The decision of the former appeal was final and conclusive upon the facts then in the record, but when the case was reinstated in the municipal court the parties were entitled to a jury trial and to introduce upon the second trial any further evidence they might have but were concluded by the rules of law laid down on the former appeal. *People* v. *Drainage Comrs.* 282 Ill. 514.

Section 56 of the Municipal Court act provides that every civil suit at law in said court not *quasi* criminal in its nature shall be tried by the court without a jury, unless the plaintiff at the commencement of such suit, or the defendant at the time he enters his appearance, shall file with the clerk of the court a demand in writing for trial by jury, and at the same time shall pay to the clerk of the court, in addition

to other fees allowed by law, the sum of eight dollars for a jury trial. The defendant did not make such a demand at the time he entered his appearance, but he did make such demand and offer to pay the jury fee before the commencement of the last trial, in accordance with the further provision of the statute that at any time before the commencement of a trial before the court without a jury, either party may, in the discretion of the court, demand trial by jury upon paying the fee therefor, provided the trial of the cause shall not be materially delayed by such demand. But the court, having assumed the finding of the facts by the Appellate Court was final, refused the demand. The court was in error in his assumption of the finality of the finding of the Appellate Court and in basing his denial of the jury trial on such assumption. He should have exercised his discretion, in view of the other circumstances in the case, without regarding himself as bound by the Appellate Court's consideration of the facts.

For the error of the court in denying the defendant the right to a trial *de novo* and for the errors in the admission of evidence the judgment of the municipal court should have been reversed and the cause remanded.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court for a new trial.      *Reversed and remanded.*