NOTICE
Decision filed 07/11/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230664-U

NO. 5-23-0664

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DAN STEVENS and NEIL R. THOMPSON, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs, | ) ) | Jackson County. |
| v. | ) ) | |
| ROBERT L. NEWMAN, TRUSTEE NG LAND TRUST #1, TERRY NEWMAN and ROBERT L. NEWMAN, Individually, | ) ) ) ) | |
| Defendants/Third-Party Plaintiffs/ Third-Party Counterdefendants- Appellees, | ) ) ) ) | |
| v. | ) ) | Nos. 02-LM-436, 16-L-16 |
| THE PEOPLES NATIONAL BANK OF McLEANSBORO, | ) ) ) | |
| Third-Party Defendant/ Third-Party Counterclaimant/ Third-Party Plaintiff-Appellant, | ) ) ) ) | |
| v. | ) ) | |
| ROBIN M. NEWMAN and BRANDI S. NEWMAN, | ) ) ) | Honorable Christy W. Solverson, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

1

JUSTICE CATES delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar* concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Certified question on appeal is answered in the following manner: When an action is remanded for a new trial limited to damages only flowing from a breach of fiduciary duty and conversion claims based on misapplication of letter of credit proceeds (*Stevens v. Newman*, 2019 IL App (5th) 170134-U), the circuit court may allow an amendment of the complaint to raise a new count for breach of a pledge agreement or raise new allegations relating to a pledge agreement.

¶ 2   This appeal arises from litigation commencing almost 23 years ago in November 2002 by the plaintiffs, Dan Stevens and Neil R. Thompson, against the defendants, Terry Newman and Robert Newman (Newmans), to recover unpaid rent on a commercial lease for a restaurant building. The Newmans filed a third-party complaint against The Peoples National Bank of McLeansboro, n/k/a Peoples National Bank (PNB), seeking indemnity for the unpaid rent based on a holdback provision requiring PNB to assure payment of the rent owed to the plaintiffs from the proceeds of a letter of credit issued, among other reasons, to secure the lease obligation. Specifically, $81,000 from the $150,000 letter of credit was to be held back to assure payment of any outstanding lease payments owed to the plaintiffs for the restaurant space.

¶ 3   The litigation between the Newmans and PNB has twice been before this court. See *Stevens v. Newman*, 2015 IL App (5th) 130338-U (*Stevens I*) and *Stevens v. Newman*, 2019 IL App (5th) 170134-U (*Stevens II*). This appeal now follows from *Stevens II*, in which the trial court's July 28, 2016, order regarding damages was vacated, and the cause was remanded for a new trial limited to damages flowing from the breach of fiduciary duty and conversion claims that the Newmans brought against PNB based on PNB's misapplication of the letter of credit proceeds.

---

*Justice Sholar has been substituted on the panel for Justice Welch. Justice Sholar has read the briefs in this case and has listened to the recording of oral argument. Due to a technical error, however, only a partial recording of the oral argument was available.

Notwithstanding this court's decision remanding the matter for a new trial limited to certain damages, the trial court permitted the Newmans to amend their amended third-party complaint to raise a new cause of action and add allegations that were not brought in that complaint. After PNB challenged the trial court's jurisdiction to allow the amendments on remand, the Jackson County circuit court certified the following question for interlocutory review pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019):

> "When an action is remanded for a new trial limited to damages only flowing from a breach of fiduciary duty and conversion claims based on misapplication of letter of credit proceeds (*Stevens II*, 2019 IL App (5th) 170134-U), can the circuit court allow an amendment of the complaint to raise a new count for breach of a pledge agreement or raise new allegations relating to a pledge agreement?"

This court allowed the interlocutory appeal. For the reasons that follow, we answer the certified question in the affirmative.

¶ 4                              I. BACKGROUND

¶ 5      At the outset, we find it pertinent to note that, as this litigation has been the subject of multiple appeals, we will set forth only those facts necessary to answer the certified question involved in the instant appeal.

¶ 6                           A. Letter of Credit Facts

¶ 7      The Newmans operated Taco John's franchises and leased space for one of the restaurants from the plaintiffs for a five-year period from September 1, 1998, to August 31, 2003. In 2001, the Newmans, through a business entity, sold their Taco John's franchises to Amigos Food Services, LLC (Amigos). Under the sales agreement, Amigos was required to make the lease payments to the plaintiffs for the restaurant space. As consideration for the purchase of the business, Amigos obtained an irrevocable letter of credit in the amount of $150,000, which named both PNB and the Newmans as beneficiaries. In an October 2001 agreement, PNB and the Newmans designated the

3

manner in which the $150,000 letter of credit proceeds would be used. Specifically, PNB and the Newmans agreed that $81,000 from the $150,000 letter of credit would be held back to assure payment of any outstanding lease payments owed to the plaintiffs for the restaurant space.

¶ 8    Amigos ultimately stopped making the lease payments on the restaurant space. Consequently, on October 25, 2002, the plaintiffs notified the Newmans of the failure to pay pursuant to the lease agreement. The Newmans then notified PNB that the lease obligations were outstanding and demanded that PNB use the $81,000 set aside from the $150,000 letter of credit to pay the amount owed. However, on multiple instances ranging from April 30, 2002, to December 12, 2002, PNB instead allocated the funds to various other Amigos outstanding account balances, all but one of these accounts were obligations for which the Newmans were not personally liable. The unpaid rent and the alleged misapplication of the letter of credit funds resulted in the litigation that was the basis of the appeals in *Stevens I* and *Stevens II*.

¶ 9    In November 2002, the plaintiffs filed suit against the Newmans to recover the unpaid rent. Thereafter, the Newmans filed a third-party complaint, seeking indemnity for the unpaid rent based on the holdback provision. Specifically, the Newmans asserted that PNB was responsible for curing the default with the proceeds from the letter of credit. Subsequently, the Newmans amended their third-party complaint, alleging additional counts for conversion of the letter of credit proceeds and breach of fiduciary duty in applying the letter of credit proceeds. The trial court ultimately awarded the Newmans judgment on the pleadings on the third-party complaint, finding that PNB was required to reserve $81,000 from the letter of credit to secure the Newmans' lease obligations to the plaintiffs.

4

¶ 10                    B. *Stevens I* and *Stevens II*

¶ 11    In *Stevens I*, this court affirmed the trial court's judgment, finding that the Newmans were entitled to a judgment on the pleadings as a matter of law. See *Stevens*, 2015 IL App (5th) 130338-U. As a finding of liability had been entered against PNB, the case between the Newmans and PNB then proceeded to a bench trial on damages for the Newmans' conversion and breach of fiduciary duty claims. However, at the damages trial, the Newmans brought forth a new allegation, claiming that PNB owed them a fiduciary duty to notify them of Amigos' default. The Newmans sought, and the trial court awarded them, damages under a theory that, had PNB informed them of Amigos' default on the lease obligations when it learned about it, the Newmans would have retaken control of the Taco John's franchises based on the language in a pledge agreement entered into between the Newmans and Amigos. PNB had signed the pledge agreement as the escrowee. The trial court awarded the Newmans recovered lost income/wages from not being able to work at the Taco John's franchises sold to Amigos, lost profits from the operation of the franchises, lost equity in the business, and emotional distress damages. At the time of the damages trial, the Newmans had not made any allegations in the third-party complaint about the pledge agreement.

¶ 12    Subsequently, in *Stevens II*, this court vacated the trial court's damages award, finding that the pledge agreement, which formed the basis for the awarded damages, had not been pled before the *Stevens I* appeal. See *Stevens*, 2019 IL App (5th) 170134-U. In *Stevens II*, this court noted that the underlying bench trial was intended to be on damages only. However, for the trial court to reach its conclusion that the Newmans were entitled to damages flowing from the pledge agreement, it necessarily had to make findings concerning liability, *i.e.*, that had PNB informed the Newmans of Amigos' default, the Newmans would have exercised the Newmans' rights under the pledge agreement and taken back all stock and operational control over the Taco John's

5

franchises. Thus, this court vacated the trial court's order on damages and remanded for a new trial "limited to damages flowing from the breach of fiduciary duty and conversion claims based on PNB's misapplication of the letter of credit" proceeds. *Id.* ¶ 56.

¶ 13                    C. Proceedings After *Stevens II*

¶ 14    On October 31, 2019, the plaintiffs filed a motion to dismiss their complaint and amended complaint against the Newmans. Thereafter, the trial court entered an order dismissing with prejudice all of the claims made by the plaintiffs against the Newmans for the payment of the back rent. On February 6, 2020, the Newmans filed a motion for leave to file a second amended third-party complaint pursuant to section 2-616 of the Code of Civil Procedure (Code) (735 ILCS 5/2-616 (West 2018)), which governs amendments. In the motion, the Newmans argued that this court in *Stevens II* did not prohibit the right to amend on remand. Instead, this court based its findings on "perceived defects" in the amended third-party complaint, and the second amended complaint merely cured those defects. Thus, in the second amended complaint, the Newmans made allegations relating to PNB's fiduciary duty under the pledge agreement to notify them of Amigos' default on its rental obligations. The Newmans also alleged that, because PNB failed to notify them of Amigos' default before October 2002, the Newmans suffered damages as they were unable to exercise their rights under the pledge agreement to retake stock and operational control of the Taco John's franchises.

¶ 15    On February 18, 2020, PNB filed an objection to the Newmans' motion for leave to file a second amended complaint, arguing, in pertinent part, that the trial court lacked jurisdiction to allow the Newmans to amend their complaint to add never before alleged claims. PNB argued that, by specifically stating the manner in which the trial court was to proceed on remand, this court in *Stevens II* limited the trial court's authority to conducting a trial only on damages related to the

6

misapplication of the letter of credit proceeds. PNB argued that *Stevens II* did not authorize the imposition of damages for any new claims, any newly amended claims, or any claims other than those in the Newmans' amended complaint. Consequently, PNB contended that the trial court did not have discretion to allow the Newmans to amend the pleadings to add new claims that would require a determination on liability before the Newmans could be awarded damages on those claims.

¶ 16 On April 15, 2020, the Newmans filed a response to PNB's objection and a memorandum in support, in which the Newmans argued, in pertinent part, that they sought to amend their complaint to set forth additional facts to support their damages claims, not to change the causes of action alleged in their amended third-party complaint. The Newmans contended that there was nothing in *Stevens II* prohibiting them from amending their complaint to have their claim fully heard and to recover damages that they were entitled to. They argued that section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2018)) permitted pleadings to be amended before final judgment, and although there had been a liability determination, there had been no final judgment as the trial court had not assessed damages.

¶ 17 The Newmans also argued that *Stevens II* did not abrogate section 2-616(b) of the Code (*id.* § 2-616(b)), which permitted a pleading to be amended where the original pleading was defective for its failure to allege the performance of some act or the existence of some fact or other matter that was a necessary condition precedent to the right of recovery. They argued that the allegations all stemmed from the same transaction and occurrence, *i.e.*, PNB's breach of its fiduciary duty to the Newmans and PNB's conversion of the Newmans' assets, and that the allegations involved the same parties and same point in time.

7

¶ 18    Moreover, the Newmans contended that PNB could not claim that it was surprised about the allegations as it had been aware of the pledge agreement's existence and its obligations under the agreement since 2001. In addition, the Newmans again requested to amend their complaint as the second amended complaint was not verified. The third amended third-party complaint was substantively the same as the second, except that it was verified.

¶ 19    On August 20, 2021, the trial court granted the Newmans leave to file their third amended third-party complaint. In allowing the amendment, the trial court found that this court's mandate in *Stevens II* did not prohibit the Newmans from amending the pleadings on remand. The trial court noted that, when a reviewing court did not provide specific directions, it was the duty of the court to which the cause was remanded to examine the reviewing court's decision and to proceed in conformity with the views expressed in it. Although *Stevens II* held that the Newmans had failed to allege specific facts relating to the pledge agreement, the trial court noted that the decision was silent as to whether the Newmans could amend their complaint on remand. Thus, the trial court concluded that it must look to the Code and the case law to determine whether the complaint could be amended.

¶ 20    Citing section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2018)), the trial court noted that pleadings could be amended at any time before final judgment. Since the previous judgment was vacated in *Stevens II*, the trial court found that there was no final judgment in this case. Also, the trial court noted that section 2-616(b) instructed that an amendment was not time barred if the original pleading was filed within the statute of limitations, and the amendment arose from the same transaction and occurrence. *Id.* § 2-616(b). The trial court then found that the original claim was filed within the statute of limitations. The trial court also found that the proposed amendment contained the same claims of conversion and breach of fiduciary duty as

8

previously alleged and that the proposed amendment merely alleged additional facts regarding the Newmans' rights under the pledge agreement and the damages flowing from that agreement.

¶ 21　The trial court further found that the new allegations arose out the same transaction or occurrence, and the proposed amendment did not prejudice or surprise PNB as PNB had knowledge of and had been in possession of the pledge agreement since it was signed in 2001. The trial court noted that the Newmans had consistently argued breach of duty flowing from the pledge agreement and that the agreement was attached to the Newmans' complaint and introduced into evidence at trial. Consequently, the trial court concluded that the Newmans were permitted to amend their amended third-party complaint under section 2-616(b).

¶ 22　Moreover, the trial court found that the clarifications to the already alleged breach of duty claim and the elements of damages were necessary to cure the defects recognized by *Stevens II*. The trial court noted that, under *Roggenbuck v. Breuhaus*, 330 Ill. 294, 298 (1928), and *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 354 (2002), it had a duty to allow the Newmans to amend their complaint before final judgment to cure the identified defects.

¶ 23　Thereafter, on September 15, 2021, PNB filed a motion for certification of questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019). PNB sought to clarify the trial court's jurisdiction on remand.

¶ 24　At the November 17, 2021, hearing on the motion for certification, the trial court clarified its August 20, 2021, order, noting that it was not the trial court's intention to state that the third amended third-party complaint alleged a breach of the pledge agreement. Instead, the trial court clarified that the damages that the Newmans were seeking flowed from the pledge agreement, and the breach was from the same previously alleged breach of fiduciary duty. In response, PNB noted that *Stevens II* vacated the damages award because the trial court awarded the Newmans certain

9

damages based on PNB's breach of the pledge agreement, but the Newmans had failed to plead, and prove, a breach of that agreement. PNB argued that, if the Newmans were permitted to recover those damages without pleading, and proving, a breach of the pledge agreement, then *Stevens II* would have affirmed the damages award. However, *Stevens II* concluded that the Newmans could not recover those specific damages without a liability finding, which would require them to plead a breach of the pledge agreement.

¶ 25    In response, the Newmans agreed that any references to a breach of the pledge agreement should be eliminated from the trial court's order. However, to clarify and frame the issue for the certified question, the Newmans indicated that they would file a petition for leave to amend their third-party complaint to assert a separate claim for breach of the pledge agreement. Thus, the trial court withheld ruling on PNB's motion for certification until after the Newmans had filed their fourth amended third-party complaint.

¶ 26    On December 1, 2021, the Newmans filed a motion for leave to file a fourth amended complaint. In the proposed fourth amended complaint, the Newmans specifically added a breach of fiduciary duty cause of action relating to the pledge agreement as well as factual allegations relating to that agreement. On December 8, 2021, the trial court, through a docket entry, granted the Newmans leave to file this complaint.

¶ 27    On January 1, 2022, PNB filed a motion to reconsider the trial court's order granting the Newmans' leave to file a new complaint. Specifically, PNB argued that the proposed complaint had almost no resemblance to the amended third-party complaint that was at issue in *Stevens I* and *Stevens II* as it contained never before pled allegations and entirely new claims. PNB noted that the proposed complaint set forth three counts: count I for conversion, which had the same title but not the same allegations as the complaint at issue in *Stevens I* and *Stevens II*; count II for breach

10

of fiduciary duty, which also had the same title but not the same allegations as the complaint at issue in *Stevens I* and *Stevens II*; and count III for breach of fiduciary duty related to the pledge agreement, which was an entirely new count.

¶ 28    PNB contended that this court's mandate in *Stevens II* explicitly limited the trial court's authority on remand to holding a hearing on certain damages, and thus, the trial court did not have jurisdiction to permit the Newmans to amend the third-party complaint to include an entirely new theory of liability. PNB noted that, in the cases relied on by the trial court, the reviewing courts' decisions returned the cases to the pre-liability phase of the proceedings. However, *Stevens II* only vacated the lower court's order regarding damages; the finding of PNB's liability on the misapplication of the letter of credit proceeds had already been determined under the complaint at issue in *Stevens I* and *Steven II* and was not impacted by *Stevens II*. Moreover, PNB contended that allowing the Newmans to recover damages on a new cause of action without a liability finding on that claim violated the *Stevens II* mandate.

¶ 29    In addition, on January 7, 2022, PNB filed a combined motion to dismiss the Newmans' fourth amended third-party complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). PNB made many of the same arguments as in the motion to reconsider.

¶ 30    On January 28, 2022, the Newmans filed a memorandum in opposition to PNB's motion to reconsider and motion to dismiss, again arguing, in pertinent part, that *Stevens II* was silent about the trial court's authority to grant leave to amend. The Newmans argued that *Stevens II* only noted that due process required both parties to know, in advance of the trial, the issues that would be tried, and an amendment to the third-party complaint was the proper vehicle to provide that notice. The Newmans argued that the trial court should not infer that an amendment before final judgment was implicitly prohibited by *Stevens II*. Moreover, the Newmans argued that they should

11

be allowed to amend the pleadings to present their entire claim and to seek the full range of damages available under the previously pled theories.

¶ 31 At the February 24, 2022, hearing on PNB's motion to reconsider and motion to dismiss, PNB again argued that the fourth amended third-party complaint contained an entirely new cause of action that would require a liability determination. Specifically, PNB argued that a finding that PNB had breached the pledge agreement would be required before it would be responsible for any damages flowing from that breach. In response, the Newmans contended that they had always argued that PNB had an obligation to provide notice of Amigos' default to the Newmans and that PNB's failure to provide that notice was a breach of its fiduciary duty, regardless of whether the breach was under the pledge agreement or the letter of credit. Thus, the Newmans argued that both obligations arose out of the same transaction, the sale of the Taco John's franchises, and regardless of the source of the fiduciary duty, PNB owed a duty to the Newmans.

¶ 32 On August 9, 2022, the trial court denied PNB's motion to reconsider and to dismiss. In the order, the trial court again found that neither *Stevens II* nor section 2-616 would prohibit the Newmans from amending their third-party complaint on remand since there was no final judgment. The trial court also found that the proposed amendment contained the same claims of conversion and breach of fiduciary duty but simply pled additional facts regarding the Newmans' rights under the pledge agreement, and their entitlement to damages flowing from that agreement. The trial court indicated that the proposed amendment simply clarified the already claimed breach of duty by distinguishing between a breach arising under the pledge agreement and a breach arising under the letter of credit.

¶ 33 In addition, the trial court held that the proposed amendment addressed elements of damages necessary to cure the defects recognized in *Steven II*, which was proper upon remand as

12

the trial court had a duty to allow amendment to cure pleading defects. The trial court concluded that allowing the amendment neither prejudiced nor surprised PNB. Further, the trial court found that the claims made in the fourth amended third-party complaint related back to the original third-party complaint.

¶ 34 On September 8, 2022, PNB again filed a motion for certification of questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019). On September 23, 2022, the Newmans filed a response to the motion for certification, objecting to PNB's proposed questions. On August 10, 2023, the trial court granted the motion and certified the previously stated question. On September 8, 2023, PNB filed an application to this court for leave to appeal, which this court granted on October 26, 2023.

¶ 35                                    II. ANALYSIS

¶ 36 Before answering the certified question, we must first determine whether to grant the Newmans' motion to supplement the record with a transcript of the trial on damages that occurred on February 8, 2016, which was taken with the case. In the Newmans' motion, they argue that the record must be supplemented so that this court can fully address the certified question. PNB filed an objection to the motion, arguing that this appeal involves matters occurring in the trial court following *Stevens II*, which does not include the underlying damages trial. PNB notes that the Newmans did not use the transcript in any of the Newmans' pleadings after the *Stevens II* remand and did not cite to it in any briefings related to the motions for certified questions. Thus, PNB argues that the transcript is not related to any of the issues currently pending before this court and should not be considered. However, as we find that the transcript is helpful to answer the certified question, we grant the motion to supplement the record with the February 8, 2016, damages trial transcript. We now turn to answering the certified question.

13

¶ 37    The presentation of certified questions under Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019) is a limited exception to the general rule that courts of appeal have jurisdiction to review only final judgments. *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17. Rule 308(a) allows for a permissive appeal of an interlocutory order certified by the trial court as involving a question of law as to which there is substantial ground for a difference of opinion and for which an immediate appeal would materially advance the end of the underlying litigation. Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019). When considering certified questions, our jurisdiction is generally limited to answering the specific questions certified by the trial court. *Spears v. Association of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15. Rule 308 was not intended to be a mechanism for expedited review of an order that merely applies the law to the facts of a specific case, and it does not generally permit us to review the propriety of the order entered by the lower court. *Luccio*, 2012 IL App (1st) 121153, ¶ 17. Because certified questions present questions of law, our review is *de novo*. *Id.*

¶ 38    The law of the case doctrine generally bars the relitigation of an issue previously decided in the same case. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006). This doctrine applies to both issues of law and of fact. *Bjork v. Draper*, 404 Ill. App. 3d 493, 501 (2010). Questions of law that are decided on a previous appeal are binding on the trial court on remand as well as on the appellate court in a subsequent appeal. *Id.*

¶ 39    When a judgment of the trial court is reversed, and the cause is remanded by the appellate court with specific directions as to the action to be taken, it is the duty of the trial court to follow those directions. *Harris Trust & Savings Bank v. Otis Elevator Co.*, 297 Ill. App. 3d 383, 387 (1998). A reviewing court's mandate vests a trial court with jurisdiction only to take action that complies with the mandate. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 44. "A trial court

14

lacks the authority to exceed the scope of the mandate and must obey precise and unambiguous directions on remand." *Id.* In general, the correctness of the trial court's action on remand is to be determined from the appellate court mandate, as opposed to the appellate court decision. *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 308 (1981). However, if the direction is to proceed in conformity with the opinion, then the trial court must consider the content of the opinion to determine what action must be taken. *Fleming v. Moswin*, 2012 IL App (1st) 103475-B, ¶ 28. "In construing the language, matters which are implied may be considered embraced by the mandate." *PSL Realty Co.*, 86 Ill. 2d at 308. In addition, if specific directions are not given, the trial court should examine the opinion and determine what further proceedings would be consistent with the opinion. *McDonald*, 2014 IL App (2d) 130401, ¶ 44. "Any other order issued by the trial court is outside the scope of its authority and void for lack of jurisdiction." *Id.*

¶ 40    Here, PNB contends that, since this court in *Stevens II* remanded for a new trial limited to damages flowing from the breach of fiduciary duty and conversion claims based on PNB's misapplication of the letter of credit proceeds, the trial court does not have jurisdiction on remand to allow an amendment of the complaint to raise a new count for breach of a pledge agreement or to raise new allegations relating to that agreement. PNB noted that *Stevens II* did not remand for a new trial on liability and damages. However, the Newmans, in amending their third-party complaint, have set forth a new cause of action for which a finding of liability has never been entered.

¶ 41    In response, the Newmans contend that this court in *Stevens II* "criticized [them] for failing to properly plead and place PNB on notice of the Newmans' claims flowing from the breach of fiduciary duty and conversion claims, including specific damages arising out of the breaches of the agreements (including the pledge agreement)." Thus, the Newmans argue that they had heeded

15

this court's admonition by promptly seeking leave to amend their pleadings to specifically identify the documents that they had relied on to support their claims. The Newmans noted that there was no suggestion in *Stevens II* that, upon remand, the trial court must ignore section 2-616 of the Code. Also, there were no specific instructions upon remand suggesting that the pleadings could not be amended or that the parties could not avail themselves of customary procedural alternatives to prepare for trial. The Newmans argued that, if this court had intended to limit or restrict the application of certain aspects of the Code, it surely would have provided clear guidance on the issue. Thus, since *Stevens II* did not prohibit the Newmans from amending their complaint, and it was permissible under section 2-616 of the Code, the trial court had discretion to permit the amendment.

¶ 42    In support, the Newmans cite *Roggenbuck v. Breuhaus*, 330 Ill. 294, 298 (1928), and *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 354 (2002), both cases that the trial court had relied on when granting the Newmans' motion to amend their third-party complaint. In *Roggenbuck*, our supreme court stated as follows:

> "When a judgment is reversed and the cause remanded, with directions to proceed in conformity to the opinion then filed, and it appears from the opinion that the grounds of reversal are *of a character to be obviated by subsequent amendment of the pleadings* or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be redocketed and then to permit amendments to be made and evidence to be introduced on the hearing just as if the cause was then being heard for the first time. It is only when the merits of the controversy and the ultimate rights of the parties are decided in a court of review that a reversal and remandment will deprive the court below of the right to allow amendments to the pleadings and hear other evidence." (Emphasis added.) *Roggenbuck*, 330 Ill. at 298-99.

¶ 43    Consistent with *Roggenbuck*, our supreme court in *Clemons* found that the trial court's order, on remand, did not conform with the appellate court's mandate when the trial court denied the plaintiff's motion to amend his complaint to add a retaliatory discharge claim for exercising his rights under the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.*

16

(West 2000)). *Clemons*, 202 Ill. 2d at 354-55. Initially, the plaintiff brought a retaliatory discharge action against the defendant, alleging that the defendant had wrongfully discharged the plaintiff in retaliation for filing a workers' compensation claim. *Id.* at 346. In this initial complaint, the plaintiff did not allege a claim based on a violation of the Wage Act and did not allege that the defendant discharged the plaintiff in retaliation for pursuing rights afforded to the plaintiff under the Wage Act. *Id.* at 347. However, even though there were no such allegations in the complaint, the trial court instructed the jury on it. *Id.* Following a jury trial, the jury found in favor of the plaintiff and awarded damages. *Id.*

¶ 44 However, on appeal, the appellate court concluded that the trial court had erred by allowing the plaintiff to present testimony concerning the Wage Act and by also instructing the jury and permitting arguments on the Wage Act. *Id.* The appellate court concluded that the Wage Act was irrelevant to the retaliatory discharge claim as alleged, and the admission of the irrelevant testimony, along with the corresponding jury instruction and argument, deprived the defendant of a fair trial. *Id.* Consequently, the appellate court reversed the judgment and remanded for a new trial. *Id.* On remand to the trial court, the plaintiff filed a motion to amend his complaint to add the retaliatory discharge claim for exercising his rights under the Wage Act. *Id.* at 348. However, the trial court denied the motion, finding that it was not timely, the plaintiff had prior opportunities to amend, and the defendant would sustain additional prejudice if the amendment was allowed. *Id.* The trial court found that there was no just reason for delaying the appeal, and the appellate court subsequently affirmed. *Id.* at 349.

¶ 45 The plaintiff then appealed to the supreme court, which concluded that the trial court's order denying the plaintiff's motion to amend did not conform to the mandate on remand and reversed and remanded the cause with directions to allow the plaintiff to amend the complaint. *Id.*

17

at 355-57. In making this decision, the supreme court, citing *Roggenbuck*, found that the trial court would be required, in some cases, to allow the amendment of pleadings even when the reviewing court had not explicitly ordered for amendment. *Id.* at 353. The supreme court noted that the initial grounds for reversal were the incorrect admission of evidence and the jury instruction regarding the Wage Act. *Id.* However, the admission of evidence regarding the Wage Act, with corresponding jury instruction and argument, were prejudicial errors only because the plaintiff did not allege a violation of the Wage Act. *Id.* at 354. The supreme court noted that, had the plaintiff alleged a Wage Act violation, the admission of this evidence, along with the jury instruction and argument, would not have been erroneous. *Id.* Thus, the supreme court found that those grounds for reversal were "of a character to be obviated by subsequent amendment of the pleadings." (Internal quotation marks omitted). *Id.* Accordingly, the supreme court concluded that it was the duty of the trial court to allow the plaintiff to amend his complaint to add a count under the Wage Act. *Id.*

¶ 46    Here, this court's mandate in *Stevens II* contained no specific instructions on remand, and therefore, we must look to the decision to determine the scope of the trial court's authority on remand. In *Stevens II*, we found that the trial court erred in finding that the Newmans were entitled to lost profits, lost wages, and equity based on the pledge agreement. Specifically, this court stated as follows:

> "The Newmans' amended third-party complaint pleads no facts and contains no allegations regarding the duties laid out in the pledge agreement. There is no claim that PNB had a fiduciary duty to notify the Newmans of a default by Amigos or that such failure caused them to lose an opportunity to retake the restaurants. Indeed, when this case was before this court in the previously filed interlocutory appeal, no argument was presented regarding this alleged duty and breach by PNB. This court did not contemplate such a duty and certainly did not determine that PNB violated that duty in our judgment as a matter of law in favor of the Newmans. See *Stevens v. Newman*, 2015 IL App (5th) 130338-U.

> ***

18

While we agree that Illinois law does not require a plaintiff to specifically pray for every relief sought for it to be properly granted, we disagree with the Newmans that the relief granted in this case was consistent with the facts alleged and proved. As stated above, the Newmans failed to include any facts alleging a duty to notify the Newmans of a default by Amigos in [the Newmans'] amended complaint and again failed to include this argument or a copy of the pledge agreement when ordered to present [the Newmans'] case to the trial court via the pretrial memorandum; indeed, the Newmans affirmatively represented that the case would focus on claims based on the letter of credit. The Newmans cannot obtain relief for allegations that were not made.

This trial was intended to be on damages only, following this court's determination that the Newmans were entitled to judgment on the pleadings as a matter of law. However, in order for the trial court to reach its conclusion that the Newmans were entitled to lost profits, lost wages, and equity, it necessarily had to conclude that 'had the Newmans been informed by the Bank of the default of [Amigos] *** the Newmans would have exercised their rights under the terms of the pledge agreement and taken back all stock and operational control of the eight Taco John's franchises at issue.' This is a finding of liability, not damages. In order to recover these damages, the Newmans were required to allege facts in their amended complaint establishing their rights under the pledge agreement." *Stevens*, 2019 IL App (5th) 170134-U, ¶¶ 53, 55-56.

Therefore, this court vacated the trial court's order awarding certain damages to the Newmans and remanded "for a new trial limited to damages flowing from the breach of fiduciary duty and conversion claims based on PNB's misapplication of the letter of credit." *Id.* ¶ 56.

¶ 47 The trial court is correct that our mandate, along with our decision, is silent as to whether the Newmans may amend their third-party complaint. However, it is impossible to negate every possible issue in a decision. *City of Springfield v. Allphin*, 82 Ill. 2d 571, 575 (1980). In our decision in *Stevens II*, we did not contemplate that, by remanding for a new trial limited to certain damages, the Newmans would then seek to amend their third-party complaint to include a new cause of action based on the pledge agreement, so that they could recover additional damages.

¶ 48 In arguing that the complaint could be amended on remand, the Newmans rely on *Clemons*, 202 Ill. 2d at 353. However, we note that the present case is distinguishable from *Clemons* as, on remand, this case was at a different point procedurally. Unlike *Clemons*, where the matter was

19

remanded for a new trial after the finding for the plaintiff was reversed, the determinations that PNB was liable for the breach of fiduciary duty and conversion claims were previously affirmed on appeal and became the law of the case. *Stevens II* did not impact the liability determinations as *Stevens II* only remanded for a new trial on damages. Therefore, we must consider the procedural posture of this case when answering the certified question.

¶ 49 However, like the trial court, we recognize that section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2018)) permits the pleadings to be amended at any time before final judgment. Since this court vacated the previous damages award in *Stevens II* and remanded for a new trial on damages, there is not yet a final judgment in this matter. Thus, the Newmans, on remand before a final judgment is entered, can seek to amend their third-party complaint under section 2-616(a) as long as such amendment was not time barred under section 2-616(b). Moreover, we also recognize that, in accordance with *Roggenbuck*, it is a trial court's duty to permit amendments on remand where it appears from the opinion that the grounds of reversal are of a "character to be obviated by subsequent amendment of the pleadings." *Roggenbuck*, 330 Ill. at 298.

¶ 50 Here, the trial court found that *Stevens II* does not prohibit the Newmans from amending their third-party complaint to add a new cause of action and new allegations about PNB breaching its fiduciary duty under the pledge agreement. Also, the trial court, in its discretion, found that such amendment would be permissible under section 2-616. As we are limited to answering the certified question, which does not extend to expediting review on the propriety of the trial court's underlying orders, we will not evaluate whether the trial court abused its discretion in finding the amendment proper under section 2-616. See *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 998 (2004). However, in answering the certified question, we conclude that it would not be contrary to our decision and mandate in *Stevens II* for the Newmans to amend

20

their complaint to raise a new cause of action or new allegations regarding a breach of the pledge agreement provided the amendment is proper under section 2-616(b). Accordingly, we answer the certified question in the affirmative.

¶ 51    For the sake of clarity, however, we want to reiterate that, the certified question concedes that the amendment to the plaintiff's fourth amended complaint raises a new cause of action for which there has been no liability determination. Under our decision in *Stevens II*, the Newmans cannot simply amend their complaint, add a new cause of action, and then proceed immediately to a trial on damages without proving liability under the new cause of action.

¶ 52    Having now answered the certified question in the affirmative, PNB asks that, once we decide the question, we also consider the following question:

> "Whether under 735 ILCS 5/2-406(b), the Newmans can proceed on their third-party claims as the claims of the underlying Plaintiffs have been dismissed and the third-party claims are no longer derivative of any other pending claim in the litigation."

¶ 53    The parties agreed to proceed, however, with a Rule 308 interlocutory appeal on the narrow issue concerning the amendment of the third-party complaint. There was no mention of this additional question until PNB filed its brief on appeal. As our jurisdiction in a Rule 308 interlocutory appeal is generally limited to answering the specific question certified by the trial court, we decline to answer the additional question proposed by PNB for the first time on appeal.

¶ 54                                    III. CONCLUSION

¶ 55    For the foregoing reasons, we answer yes to the certified question and remand this case for further proceedings.


¶ 56    Certified question answered; cause remanded.

21